UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JENNIFER B.,

    Plaintiff,

v.

NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations,

    Defendant.

CASE NO. 3:18-cv-05046 JRC

ORDER ON PLAINTIFF'S COMPLAINT

    This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and Local Magistrate Judge Rule MJR 13. *See also* Consent Filed by Plaintiff To Proceed Before a Magistrate Judge, Dkt 5. This matter has been fully briefed. *See* Dkt. 11, 12, 13.

    After considering and reviewing the record, the Court concludes that the ALJ erred at step 3 when she made a boilerplate finding that plaintiff's degenerative disc disease did not meet the requirements of listing 1.04, regarding spinal disorders. The ALJ's analysis was insufficient to rule out listing 1.04(B), and her error was harmful because had she found that plaintiff's degenerative disc disease met the listing, her ultimate nondisability determination would have

differed. Thus, this Court reverses and remands for a new hearing. In doing so, however, this Court rejects plaintiff's argument that the ALJ must consider new evidence related to plaintiff's 2017 surgery, on the basis that plaintiff fails to show good cause for consideration of this evidence.

## BACKGROUND

Plaintiff Jennifer B. was born in May 1978 and was 35 years old on the alleged date of disability onset of July 1, 2013. AR. 233. Plaintiff's highest level of education was three years of college. AR. 389. Plaintiff worked as a health unit coordinator, receptionist, medical assistant, teacher's aide, and warehouse filler. AR. 390. She left her most recent job, as a warehouse filler, because of her conditions. *See* AR. 389–90.

According to the ALJ, plaintiff has at least the severe impairments of status post bilateral carpal tunnel release; cervical, lumbar, and thoracic degenerative changes and disc protrusion; sleep apnea; polysubstance abuse disorder in remission on agonist therapy; and "anxiety disorder, depression." AR. 85.

At the time of the hearing, plaintiff lived with her family. AR. 182.

## PROCEDURAL HISTORY

Plaintiff's applications for disability insurance ("DIB") benefits pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act were denied initially and following reconsideration. *See* AR. 244, 257, 301, 307. Plaintiff's requested hearing was held before Administrative Law Judge Stephanie Martz (the "ALJ") on January 21, 2016. AR. 176. On June

24, 2016, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act. AR. 96.

In September 2017, plaintiff obtained an extension of time to submit additional evidence. AR. 16. On November 22, 2017, after plaintiff submitted the additional evidence, the Appeals Council denied plaintiff's request for review, making the written decision by the ALJ the final agency decision subject to judicial review. *See* AR. 1–2; 20 C.F.R. § 404.981. In January 2018, plaintiff filed a complaint in this Court seeking judicial review of the ALJ's written decision. *See* Dkt. 3. Defendant filed the sealed administrative record regarding this matter on March 27, 2018. *See* Dkt. 7.

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) whether the ALJ erred because she failed to properly examine whether plaintiff met listing 1.04; (2) whether the ALJ should re-examine whether plaintiff met listing 1.04 in light of new evidence regarding plaintiff's May 2017 surgery; (3) whether the ALJ erred in evaluating plaintiff's mental health impairments; and (4) whether the ALJ erred when she evaluated the opinion evidence. Dkt. 11, at 2.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

**1. Step 3**

Plaintiff argues that the ALJ erred at step 3 by making a boilerplate finding. Dkt. 11, at 6. "A boilerplate finding is insufficient to support a conclusion that a claimant's impairment does not" meet or equal a listed impairment. *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001). An ALJ must make specific findings regarding why a plaintiff does not meet all the listing requirements. *See id.* at 512–13.

However, even if an ALJ makes a boilerplate finding that an impairment does not meet a listing, this Court will not reverse where the ALJ made sufficiently detailed findings in other portions of her decision. *See id.* at 513. Moreover, where a listing has multiple requirements that an impairment must satisfy, even if an ALJ does not make findings about each listing requirement, the ALJ's decision is sufficiently specific if the ALJ discussed and evaluated evidence that one of the requirements was not met. *See id.*

Here, the ALJ made the following step-3 finding about plaintiff's back disorder:

> The claimant's back disorder does not meet the listing under 1.04. The claimant's record does not contain evidence of a compromised nerve root or spinal cord, or nerve root compression, accompanied by motor loss and atrophy. In addition, the claimant has normal muscle tone and bulk, normal sensation, and normal strength in her lower extremities bilaterally.

AR. 86.

Degenerative disc disease is a listed impairment under listing 1.04 (spinal disorders) if there is evidence of spinal disorder "resulting in compromise of a nerve root (including the cauda equina) or the spinal cord" as well as one of three other categories of symptoms. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.04. The three other categories of symptoms that must be present with nerve root/spinal cord compromise are,

    A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine);
or
    B. Spinal arachnoiditis, confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging, manifested by severe burning or painful dysesthesia, resulting in the need for changes in position or posture more than once every 2 hours;
or
    C. Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively, as defined in 1.00B2b.

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.04.

    The ALJ stated that the record did not contain evidence of a compromised nerve root or spinal cord, a requirement for degenerative disc disease to meet listing 1.04. AR. 86. But the ALJ simply restated listing 1.04 without discussing the medical records or evaluating the evidence. *See* AR. 86.

    In rendering a decision, an ALJ must provide the reasoning underlying her decision "in a way that allows for meaningful review." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015). Standing alone, a boilerplate statement that the record does not contain evidence of a compromised nerve root or spinal cord is insufficient for this Court to meaningfully review the ALJ's decision. Affirming the ALJ's decision would require this Court to independently review the record to determine whether there is any evidence of nerve root/spinal cord compromise, weigh that evidence, and make its own finding under listing 1.04. But that is not the function of this Court. *See Brown-Hunter*, 806 F.3d at 492 (quoting *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015)) (a district court may not "substitute [its] own discretion for that of the agency"

because "'the decision on disability rests with the ALJ and the Commissioner . . . in the first instance, not with a district court.'").

This Court notes that under *Lewis*, the ALJ's finding would be sufficient if elsewhere in her decision, the ALJ discussed and evaluated evidence of nerve root/spinal cord compromise. *See* 236 F.3d at 513. The extent of the ALJ's discussion and evaluation of such evidence, however, was her conclusion that plaintiff's degenerative disc disease was a "severe" impairment at step 2. AR. 85. Simply stating that "[t]he objective medical evidence . . . establishes the above physical and mental health impairments [including degenerative disc disease] and supports finding that each more than minimally affects the claimant's ability to perform basic work activities" certainly does not constitute discussing and evaluating evidence. *See* AR. 85. Moreover, the evidence cited by the ALJ at step 2 includes evidence of spinal cord compromise: 2014 x-ray results showed a congenital vertebral deformity that could potentially result in spinal scoliosis. AR. 623.

Defendant points to the ALJ's finding in a different portion of her decision that there were "minimal and mild examination findings" that were "inconsistent with the claimant's allegations of severely limiting pain." AR. 90; *see* Dkt. 12, at 3 & n.3. Defendant argues that this finding was essentially the same as finding no evidence of spinal cord or nerve root compromise. *See* Dkt. 12, at 3. This Court disagrees: again, the ALJ did not make any specific finding ruling out nerve root or spinal compromise. *See* AR. 90. Rather, the ALJ simply discussed whether or not the record supported plaintiff's allegations of severely limiting pain.

This Court notes that the ALJ did make findings in other portions of her decision that effectively ruled out listing 1.04(A) and 1.04(C). The ALJ found no evidence of limited spinal motion or motor loss accompanied by sensory or reflex loss, as required to meet listing 1.04(A).

*See* AR. 90 (finding good range of motion in all major joints and normal motor function based on physical examination results); 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.04(A). And the ALJ found no evidence of an inability to ambulate effectively, as required to meet listing 1.04(C). *See* AR. 90 (finding that treating providers documented that plaintiff had a normal gait); 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.04(C).

However, as to listing 1.04(B), the ALJ made no findings regarding whether plaintiff suffered from confirmed spinal arachnoiditis, had severe burning or painful dysesthesia, or required postural changes more than once every two hours because of arachnoiditis. *See* AR. 82–96; 20 C.F.R. Pt. 404, Subpt. P., App. 1, § 1.04(B). Thus, the ALJ erred at step 3 because the ALJ's boilerplate finding was insufficient to determine whether plaintiff met listing 1.04(B). Specifically, the ALJ failed to evaluate and discuss evidence of whether plaintiff had nerve root/spinal cord compromise and the requirements of listing 1.04(B) in her decision.

**2. New evidence**

Plaintiff argues that if this Court remands for further proceedings, the ALJ should consider new evidence that plaintiff submitted to this Court—evidence of a 2017 spinal surgery. *See* Dkt. 11, at 6.

Where, as here, a plaintiff seeks to have this Court consider evidence that is not part of the record and that plaintiff submitted to neither the ALJ nor the Appeals Council, sentence 6 of 42 U.S.C. § 405(g) applies. Sentence 6 requires that plaintiff show that the new evidence is material and that there is good cause for failure to incorporate the evidence into the record. 42 U.S.C. § 405(g); *see also Mayes v. Massanari*, 276 F.3d 453, 463 (9th Cir. 2001) (plaintiff must demonstrate good cause for failure to provide the evidence earlier).

Here, the medical records that plaintiff seeks to have admitted are from May 2017. *See* Dkt. 13-1, 13-2. Previously, plaintiff obtained an extension to submit additional information to the Appeals Council and submitted those additional records in October 2017. *See* AR. 8. However, the additional records submitted were records from 2014 to 2016; plaintiff did not submit records from May 2017. *See* AR. 2 (summarizing the additional evidence submitted to the Appeals Council).

Plaintiff provides no explanation for her failure to submit the May 2017 records earlier. *See* Dkt. 11, at 6; Dkt. 13, at 2. Notably, in October 2017, plaintiff apparently submitted other medical records but not the May 2017 records that she now seeks to have considered. *See* AR. 2, 8. Without any attempt to meet her burden to show good cause, this Court will not grant plaintiff's request to direct the ALJ to consider plaintiff's new evidence. *See Mayes*, 276 F.3d at 463. This order is without prejudice, if plaintiff chooses to re-apply to the ALJ for submission of additional evidence upon a showing of good cause.

**3. Not harmless error and remand for further proceedings**

In the Social Security context, error may be harmless if it "was inconsequential to the ultimate nondisability determination." *Stout v. Cmm'r*, 454 F.3d 1050, 1055 (9th Cir. 2006). Here, had the ALJ properly considered plaintiff's degenerative disc disorder at step 3, the ALJ may have determined that plaintiff satisfied listing 1.04(B), a determination that would have changed the ultimate nondisability determination. Accordingly, the error was not harmless.

Plaintiff argues that a remand for an award of benefits, rather than further proceedings, is appropriate. Dkt. 11, at 2. A remand for an award of benefits is appropriate in only rare circumstances, including where further administrative proceedings would not be useful. *See Treichler v. Cmm'r*, 775 F.3d 1090, 1103 (9th Cir. 2014). Here, because the ALJ made no

finding regarding listing 1.04(B) and because the ALJ is in a better position than this court to evaluate the evidence, remand is appropriate. *See Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990).

On remand, should the ALJ find that plaintiff's medical evidence is insufficient to satisfy the requirements of a listing at step 3, the ALJ should continue the disability evaluation to steps 4 and 5. *See id.* at 176–77. Thus, the ALJ must reconsider the medical opinion evidence and plaintiff's credibility, and this Court does not address plaintiff's remaining arguments.

## CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g).

**JUDGMENT** should be for the plaintiff, and the case should be closed.

Dated this 27th day of November, 2018.

J. Richard Creatura
United States Magistrate Judge